# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN R. BEHRMAN | § | |
| | § | |
| v. | § | CASE NO. 4:15-CV-286 |
| | § | Judge Mazzant |
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| JOCK SIVAKUMAR | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is United States of America's Motion for Summary Judgment against Jock Sivakumar (Dkt. #27). The Court, having considered the relevant pleadings, finds that the motion should be granted.

### BACKGROUND

This is a tax refund suit brought by Plaintiff, Brian Behrman ("Behrman"), contesting whether he was a responsible person pursuant to 26 U.S.C. § 6672 for unpaid withholding taxes of GSB Group, Inc. ("GSB"), a company which he and two other individuals, Counterclaim Defendant Jock Sivakumar ("Sivakumar"), and Bert Gonzales ("Mr. Gonzales") founded. Each of the founders owned one-third of GSB's stock and were officers and members of its board of directors.

The United States filed counterclaims for the unpaid balance of the assessments against Behrman and Sivakumar. The assessments against Behrman and Sivakumar are for each quarter from the second quarter of 2010 through the second quarter of 2011 ("period in question"). This motion deals only with Sivakumar's liability. An agreed judgment was entered against Behrman in favor of the United States on March 1, 2016. (Dkt. #31).

Sivakumar, Behrman and Mr. Gonzales founded GSB in May 2006. The three of them also

comprised GSB's entire board of directors. Sivakumar remained at GSB until its demise. He closed the business in September or October 2010. He placed GSB into bankruptcy, relying on his authority as both the president and CEO of GSB, on December 21, 2011.

Sivakumar was an officer of GSB for the period in question. Sivakumar knew that GSB had unpaid payroll taxes in January 2010, which is prior to the period in question. He and Behrman had discussions about the unpaid taxes, but did not discuss them in front of their employees because they did not "want to scare our employees." After first learning of the unpaid payroll taxes, Sivakumar knew that from that time forward there were unpaid payroll taxes. Sivakumar was authorized to enter into contracts on behalf of GSB for the period in question. Sivakumar was authorized to hire and/or fire employees for GSB for the period in question.

Sivakumar admitted that he was one of the people "responsible for GSB's failure to pay all of its payroll taxes for the period in question." He believed he, Behrman, and Mr. Gonzales were "equally responsible." Sivakumar thought continuing in business would result in GSB eventually being able to pay the payroll taxes. Sivakumar was one of the individuals involved in deciding which creditors of GSB to pay and the order of their payment during the period in question. Sivakumar was a member of the board of directors of GSB during the period in question.

Sivakumar admitted that he received compensation from GSB after he knew it had unpaid payroll taxes. Sivakumar was an authorized check signer at GSB for every one of its bank accounts. Sivakumar owned at least 33.33% of GSB's stock during the period in question. Sivakumar had the authority to purchase and sell assets for GSB during the period in question. Sivakumar was involved in running the day-to-day operations of GSB during the period in question. Sivakumar and Behrman were the two ultimate decision-makers at GSB. They "shared all the decision-making, everything."

Sivakumar was one of the individuals that oversaw the financial aspects of GSB during the period in question. Sivakumar was one of the individuals that determined financial policy at GSB during the period in question. Sivakumar signed at least one IRS Form 941 that reflected that there were unpaid payroll taxes. Sivakumar personally guaranteed debts of GSB during the period in question. Sivakumar was timely and properly assessed the Trust Fund Recovery Penalties for the second quarter of 2010 through the second quarter of 2011.

On January 19, 2016, the United States filed a motion for summary judgment against Sivakumar (Dkt. #27). No response was filed.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must

come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

The United States requests summary judgment[1] holding Sivakumar to be a responsible person

---

[1] Section 6672 cases are routinely resolved by a motion for summary judgment. *Conway v. United States*, 647 F.3d 228 (5th Cir. 2011); *Morgan v. United States*, 937 F.2d 281 (5th Cir. 1991); *Howard v. United States*, 711 F.2d 729 (5th Cir. 1983); *Mazo v. United States*, 591 F.2d 1151 (5th Cir. 1979); *Zarate v. United States*, Civ. A. Nos. M-11-210, M-12-18, 2012 WL 4482048 (S.D. Tex. Sept. 26, 2012); *United States v. Kennedy*, No. SA-10-CV341-XR 2011 WL 2636096 (W.D. Tex. July 5, 2011); *United States v. Rineer*, 594 F. Supp. 2d 732, 737 (N.D. Tex. 2009); *Verret v. United States*, 542 F. Supp. 2d 526 (E.D. Tex. 2008), *aff'd*, 312 F. App'x 615 (5th Cir. Feb. 26, 2009); *Lencyk v. Internal Revenue Serv.*, 384 F. Supp. 2d 1028 (W.D. Tex. 2005); and *Frey v. United States*, No. CIV. A. 399cv0831D, 2001 WL 493136 (N.D. Tex. May 4,

who acted willfully for each of the periods at issue for unpaid taxes.

26 U.S.C. §§ 3102(a) and 3402(a) require employers to withhold the employees' share of federal social security taxes and income taxes from the wages of their employees. The money withheld from each employee's wages is then held by the employer in trust ("trust fund monies") for the benefit of the United States as provided for by 26 U.S.C. § 7501(a). *Slodov v. United States*, 436 U.S. 238, 242-43 (1978); *Barnett*, 988 F.2d at 1453; *Turnbull v. United States*, 929 F.2d 173 (5th Cir. 1991); *Howard*, 711 F.2d at 733.

If the payroll taxes are not paid by the company, in this case GSB, this revenue would be forever lost to the Government, unless the Government can collect these taxes from the persons responsible for the collection and nonpayment of the taxes. *Slodov*, 436 U.S. at 243-45; *USLIFE Title Ins. Co. of Dall. v. Harbison*, 784 F.2d 1238, 1242-43 (5th Cir. 1986). To protect against such revenue losses, section 6672(a) was enacted by Congress. *USLIFE Title*, 784 F.2d at 1243. 26 U.S.C. § 6672 reads, in pertinent part:

> (a) GENERAL RULE.--Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6671(b) defines a person, as "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671(b).

---

2001), *aff'd*, 34 F. App'x. 151 (5th Cir. 2002). The Fifth Circuit held that "we cannot ignore the extensive case law that narrowly constrains a factfinder's province in § 6672 cases." *Barnett v. Internal Revenue Serv.*, 988 F.2d 1449 (5th Cir. 1993).

The Supreme Court in *Slodov*, when interpreting § 6672, held that:

> We conclude therefore that the phrase "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title" was meant to limit § 6672 to persons responsible for collection of third-party taxes and not to limit it to those persons in a position to perform all three of the enumerated duties with respect to the tax dollars in question.

436 U.S. at 250. "An individual need not engage in all three of the activities listed in the statute in order to be held liable; involvement in any one of the three named activities is sufficient. *Verret*, 542 F. Supp. 2d at 533; see also *Slodov*, 436 U.S. at 250.

There are two elements to liability under section 6672. The first is that a person upon whom liability is to be imposed must be a person required to collect, truthfully account for, or pay over any tax, commonly referred to as a "responsible person." The second requirement under section 6672 is that such responsible person willfully failed to collect, truthfully account for or pay over such taxes. *Barnett*, 988 F.2d at 1453; *Turnbull*, 929 F.2d at 178; *Wood v. United States*, 808 F.2d 411, 414 (5th Cir. 1987).

"This Circuit takes a broad view of who is a responsible person under § 6672." *Logal v. United States*, 195 F.3d 229, 232 (5th Cir. 1999); *Barnett*, 988 F.2d at 1454; *Gustin v. United States*, 876 F.2d 485, 491 (5th Cir. 1989). The crucial inquiry is whether the individual had the effective power to pay the taxes. *Barnett*, 988 F.2d at 1454; *Turnbull*, 929 F.2d at 178; *Howard*, 711 F.2d at 734. "We first observe that cases not finding section 6672 responsibility are relatively few and far between." *Barnett*, 988 F.2d at 1456.

Responsibility for purposes of section 6672 is a matter of status, duty, power and authority, whether exercised or not. *Wood*, 808 F.2d at 415; *Howard*, 711 F.2d at 734. It is not necessary that an individual have the final, or sole, word as to which creditors should be paid in order to be subject

6

to liability under section 6672. *Verret*, 542 F. Supp. 2d at 534. "Responsibility does not require knowledge that one has that duty and authority." *Barnett*, 988 F.2d at 1454. It is sufficient that the person have some power, authority, and control over the process by which corporate funds are disbursed to find that he is a "responsible person" under section 6672. *Neckles v. United States*, 579 F.2d 938 (5th Cir. 1978).

Responsible person status is not limited to people who perform the mechanical jobs of collection and payment of corporate funds. The Fifth Circuit looks at a number of circumstantial indicia of responsible person status when a party lacks the precise responsibility of withholding or paying the taxes. *Barnett*, 988 F.2d at 1455.

Recognized indicia of responsible person status include the following:

> We ask whether such a person: (i) is an officer or member of the board of directors; (ii) owns a substantial amount of stock in the company; (iii) manages the day-to-day operations of the business; (iv) has the authority to hire or fire employees; (v) makes decisions as to the disbursement of funds and payment of creditors; and (vi) possesses the authority to sign company checks. No single factor is dispositive.

*Id.*

The Court finds that the uncontested summary judgment record establishes that Sivakumar had every one of these indicia of responsibility. Therefore, Sivakumar is clearly a responsible person under section 6672 as a matter of law.

Liability attaches to a "responsible person" under section 6672 only upon his "willful" failure to collect or account for or pay over the payroll taxes. The hope that there will be sufficient money with which to pay the taxes in the future is no defense. *Newsome v. United States*, 431 F.2d 742, 746 (5th Cir. 1970). Sivakumar knew by January 2010 that payroll taxes were not being timely paid. He admitted that he authorized the payment of creditors in lieu of the IRS after learning of the unpaid

taxes. He even admitted that he was paid after learning of the unpaid taxes. Once Sivakumar "became aware of the tax liability, [he] had a duty to ensure that the taxes were paid before any payments were made to other creditors." *Id.* at 1457. Therefore, the uncontested summary judgment record establishes that he acted willfully as a matter of law.

The burden of proof is on Sivakumar to prove that he was not a responsible person and that he did not act willfully. *Barnett*, 988 F.2d at 1453. 26 U.S.C. § 7491(a), provides for a shift of the burden of proof to the United States in certain circumstances. However, section 7491 "is inapplicable to trust fund penalty cases." *Mason v. Commissioner*, 132 T.C. 301, 323 (2009). Sivakumar did not meet his burden.

## CONCLUSION

Based on the above undisputed material facts and the applicable precedent, Sivakumar was a responsible person for GSB under section 6672 for each quarter from the second quarter of 2010 through the second quarter of 2011. His failure to collect, account for, or pay over the payroll taxes for the periods at issue was willful.

It is therefore **ORDERED** that the United States of America's Motion for Summary Judgment against Jock Sivakumar (Dkt. #27) is hereby **GRANTED**. The Court finds that the United States should be granted summary judgment against Sivakumar for all quarters at issue, holding that Sivakumar is indebted to the United States in the amount of $97,419.86 plus interest and all statutory additions thereon as provided by law, less any credits to which he may be entitled.. The United States shall submit a proposed Final Judgment for consideration by the Court within seven (7) days of this Memorandum Opinion and Order.

**SIGNED this 8th day of April, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE